```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
ARTHUR E. SHEPHERD,                   :
                                      :
        Plaintiff,                    :    Civ. No. 14-2992 (NLH)
                                      :
   v.                                 :    OPINION
                                      :
FEDERAL BUREAU OF PRISONS, et al.,    :
                                      :
        Defendants.                   :
_____:

APPEARANCES:

Surinder K. Aggarwal,
One University Plaza
Suite 617
Hackensack, NJ 07601
    Attorney for Plaintiff

Anne B. Taylor
Office of the U.S. Attorney
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    Attorney for Defendants

HILLMAN, District Judge

    This matter is presently before the Court on a Motion to Dismiss (ECF No. 27) filed by Defendants.  For the reasons set forth below, Defendants' Motion to Dismiss will be DENIED.

    I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

  A. PROCEDURAL HISTORY

    On or about March 3, 2014, Plaintiff Arthur E. Shepherd, formerly a prisoner confined at the Federal Correctional

Institution ("FCI") in Fairton, New Jersey, filed this civil action asserting claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1).  The case was initially filed in the United States District Court for the Western District of Louisiana.

On May 9, 2014, the case was transferred to the District of New Jersey. (ECF No. 8).  In an Order dated June 25, 2014, this Court granted Plaintiff's request to proceed in forma pauperis, dismissed without prejudice Plaintiff's equal protection claim, and dismissed without prejudice Plaintiff's claims against the United States and the Federal Bureau of Prisons. (ECF No. 10). Plaintiff's Eighth Amendment claim for inadequate medical care was permitted to proceed against Defendants Lieutenant Palmer, Lieutenant K. Hampton, Dr. Morales, Warden J.T. Shartle, and the Unknown Medical Employees. (Id.).  Summons issued as to those defendants.

On or about August 18, 2014, Plaintiff filed a motion requesting the appointment of pro bono counsel. (ECF No. 14). The Court granted his request on September 15, 2014 (ECF No. 19), and on October 3, 2014, Surinder K. Aggarwal, Esq. filed a Notice of Appearance (ECF No. 21).

On December 9, 2014, Defendants were granted an extension of time to respond to the Complaint. (ECF No. 25).  On January

2

30, 2015, Defendants filed the instant Motion to Dismiss. (ECF No. 27).

B. <u>FACTUAL BACKGROUND</u>

The factual background of this case does not appear to be in dispute. The following information is taken from the allegations of the Complaint (ECF No. 1), the Amended Complaint[1] and its attachments (ECF No. 15), as well as from the procedural history outlined in Defendants' Motion to Dismiss (ECF No. 27).

Plaintiff's Complaint involves incidents which occurred while Plaintiff was incarcerated at FCI Fairton. On or about May 15, 2012, Plaintiff was involved in a physical altercation with other inmates during which he sustained injury in and around his right eye. The day of the injury, Plaintiff was taken to an outside facility in Vineland, New Jersey for emergency medical treatment, and was diagnosed with an orbital fracture, closed head injury, and lip laceration. He was also examined by medical staff at FCI Fairton upon his return.

On May 21, 2012, Plaintiff was examined again by prison medical personnel, at which time it was noted that he was

---

[1] On August 7, 2014, the Court granted Plaintiff leave to file an amended complaint. (ECF No. 13). Thereafter, Plaintiff submitted an "Affidavit." (ECF No. 15). In an Order dated September 4, 2014, the Court construed Plaintiff's "Affidavit" as the Amended Complaint permitted by the prior Order. Further, the Court construed the Amended Complaint as incorporating, by reference, the original Complaint (ECF No. 1).

3

scheduled for reconstructive plastic surgery for his facial fracture. On June 1, 2012, he went to an appointment at Cooper Oral and Maxillofacial Surgery and was again examined by prison medical staff upon his return to FCI Fairton.

On July 5, 2012, Plaintiff was examined at Health Services at FCI Fairton for an optometry encounter, in response to Plaintiff's complaints about his vision. During that appointment, he was found to have a macular hole, an orbital fracture, and reduced vision secondary to the macular hole. Plaintiff was referred to ophthalmology for management of the macular hole.

On July 23, 2012, Plaintiff was sent to an outside facility for an ophthalmologist consult where he was diagnosed with a detached retina and surgery was recommended. Plaintiff was seen by another outside specialist on July 26, 2012 who again diagnosed him with a retinal detachment in his right eye.

On August 10, 2012 Plaintiff was referred again to an ophthalmologist for another follow-up and a second opinion. Plaintiff was seen on two more occasions before his transfer from FCI Fairton on September 24, 2012.

In his Complaint, Plaintiff alleges that Dr. Morales and the other medical professionals at FCI Fairton disregarded Plaintiff's serious medical need. Specifically, Plaintiff asserts that Defendants did not permit Plaintiff to receive

proper medical treatment, did not permit Plaintiff to attend a scheduled optometrist's visit, and did not provide Plaintiff with medical attention in the form of a "check up, eye test, swelling of head, retina area, etc. until 94 days later."[2] (Compl. 3, ECF No. 1).  Plaintiff contends that, due to the medical staff's delay in treatment, his "injuries had progressed and reached a point where they were irreversable [sic]." (Id.).

Plaintiff contends that he notified Defendants Lieutenant Palmer, Lieutenant K. Hampton, Dr. Morales, Warden J.T. Shartle, and the Unknown Medical Employees on multiple occasions of his pain and of his need to see a specialist. (Compl. 4, ECF No. 1). Plaintiff states that Defendants ignored his requests. Plaintiff further alleges that Defendants attempted to conceal their disregard for Plaintiff's condition by supplementing their files with notes and creating a paper trail. (Am. Compl. 2-3, ECF No. 15).

## II.  DISCUSSION

The Court notes that this motion is labeled on the docket as a "Motion to Dismiss," and is described in Defendants' Notice of Motion as a motion "for an Order dismissing this action for failure to exhaust administrative remedies and failure to state a claim against the non-medical defendants." (Notice of Mot. 1-

---

[2] Plaintiff later changes this timeframe to "68 days after the incident." (Am. Compl. 3, ECF No. 15).

2, ECF No. 27).  However, the title of Defendants' brief describes the motion as a "Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment[.]" (Mot. 1, ECF No. 27-1).  Furthermore, Defendants concede that they rely on evidence outside of the pleadings; therefore, they more accurately seek a summary judgment ruling pursuant to Federal Rule of Civil Procedure 56. (Mot. 9, ECF No. 27-1).

For the reasons set forth below, the motion will considered as a motion to dismiss and will be DENIED.

A. STANDARD

Defendants have filed a "Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment." (Mot. 1, ECF No. 27-1).  When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[3], a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to

---

[3] Although Defendants do not specify the federal rule upon which their Motion to Dismiss is premised, their second argument for relief has a caption which reads: "Claims Against the Non-Medical Defendants Should be Dismissed Because Plaintiff Fails to State a Claim Against Them." (Mot. 14, ECF No. 27-1).  Thus, it appears that the basis for the motion to dismiss aspect of their hybrid motion is Rule 12(b)(6). See Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted").

relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n. 3 (1984) (quotation and citation omitted). Also, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).[4]

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n. 8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also

---

[4] Although Plaintiff is now represented, his Complaint and Amended Complaint were filed before the appointment of pro bono counsel. Thus, the Court has a duty to construe these pro se submissions liberally in favor of Plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

7

Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'...."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

In reviewing a Rule 12(b)(6) motion, a court must only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint if the claims are based on those documents, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999); In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002); see also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

However, if any matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) or Rule 12(c) motion must be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

The court has discretion to either convert a motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss. See Edwards v. New Jersey, No. 13-214, 2015 WL 5032680, at *3 (D.N.J. Aug. 25, 2015); Kelly v. HD Supply Holdings, Inc., No. 14-372, 2014 WL 5512251, at *2

(D.N.J. Oct. 31, 2014); Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000); see also 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 Conversion of a Rule 12(b)(6) Motion Into a Summary Judgment Motion (3d ed. 2015) ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Also, it has been suggested that a "court should not convert a motion to dismiss into a motion for summary judgment when little discovery has taken place." Bobo v. Wildwood Pub. Sch. Bd. of Educ., No. 13-5007, 2014 WL 7339461, at *4 (D.N.J. Dec. 23, 2014) (citing Kurdyla, 197 F.R.D. at 131, 131 n.8).

   B. ANALYSIS

    In this case, no discovery has been exchanged outside of the various submissions filed by the parties.  Moreover, Defendants' motion does not include a "Statement of Material Facts Not in Dispute" as required by Local Civil Rule 56.1(a). See L. CIV. R. 56.1(a) ("On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents

9

submitted in support of the motion."). Thus, even if the Court were to convert the motion, it would be dismissed for failure to attach this required document. See id. ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.").

For the foregoing reasons, the Court declines to convert the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Therefore, the motion will be analyzed under the motion to dismiss standard described above.

As their first ground for relief, Defendants seek dismissal based on Plaintiff's failure to exhaust his administrative remedies. However, exhaustion is an affirmative defense under the Prison Litigation Reform Act (PLRA); therefore, Plaintiff is not required to specially plead or demonstrate exhaustion in his Complaint. See Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

This Court cannot determine based on the allegations of the Complaint and its attachments that Plaintiff has failed to exhaust his administrative remedies. Accordingly, Defendants' motion to dismiss based on failure to exhaust is denied. See e.g., Edwards, No. 13-214, 2015 WL 5032680, at *3 (declining to grant defendants' motion to dismiss based on exhaustion, or to convert defendants' motion into a summary judgment motion);

Livingston v. Appel, No. 11-2764, 2014 WL 6860539, at *3 (E.D. Pa. Dec. 5, 2014) (same).

As their second ground for relief, Defendants seek dismissal of the claims against the non-medical defendants based on Plaintiff's failure to state a claim. Specifically, Defendants rely on Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004) and assert that, if a prisoner is under the care of prison medical personnel, non-medical prison officials cannot be liable for deliberate indifference to a prisoner's serious medical needs, under the Eighth Amendment, absent a reason to believe, or actual knowledge, that prison doctors or their assistants are mistreating or not treating the prisoner. Defendants contend that the allegations of the Complaint and the attachments thereto sufficiently establish that "Plaintiff received an amount of care which would make it unreasonable for any non-medical staff member to conclude his care was insufficient." (Mot. 17, ECF No. 27-1). Thus, Defendants assert that the claims against the non-medical Defendants must be dismissed.

Indeed, the law is settled in the Third Circuit that non-medical prison personnel are generally entitled to rely on the advice and opinions of medical personnel with respect to a prisoner's treatment and care. See Spruill, 372 F.3d 218. However, if non-medical prison personnel have a reason to believe, or actual knowledge, that prison doctors or their

11

assistants are mistreating or not treating a prisoner, then they may be liable. See id; see also Davis v. Prison Health Servs., Inc., 558 F. App'x 145, 150 (3d Cir. 2014); Simonds v. Delaware Cnty., No. CIV.A. 13-7565, 2015 WL 289974, at *6 (E.D. Pa. Jan. 21, 2015) ("Thus, non-physician prison officials with actual knowledge of mistreatment or non-treatment of an inmate's serious medical need may be liable for deliberate indifference under § 1983.").

Here, Plaintiff asserts that for over 30 days — between June 1, 2012 and the weekend of July 4, 2012 — he received no medical care despite the fact that he informed non-medical staff numerous times of worsening problems with his eye. (Am. Compl. 2, ECF No. 15). Plaintiff further alleges that he "caused disruptions, got [himself] maced, defied orders, went to safe cells, and with[h]eld food trays to get attention to [his] issue." (Id.). Given the alleged lapse in time between Plaintiff's medical treatment, and the lengths to which Plaintiff went to draw attention to his medical issues, the complaint sufficiently alleges that the non-medical staff had reason to believe that the prison doctors or their assistants were mistreating or not treating Plaintiff.

Thus, the allegations of the Complaint and the attachments thereto do not, as Defendants suggest, sufficiently establish that the non-medical Defendants are relieved of liability under

Spruill, and their motion to dismiss on this basis will be denied. See e.g., Douglas v. Doe, No. CIV.A. 10-5574, 2014 WL 4494969, at *6 (E.D. Pa. Sept. 12, 2014) (denying motion to dismiss where plaintiff alleged that non-medical personnel knew or should have known that plaintiff was being mistreated by the prison medical staff); Montanez v. Pa Health Care Serv. Staffs, No. CIV.A. 09-1547, 2011 WL 7417026, at *5 (W.D. Pa. Dec. 14, 2011) report and recommendation adopted, No. CIV.A. 09-1547, 2012 WL 602938 (W.D. Pa. Feb. 23, 2012) aff'd sub nom. Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs, 530 F. App'x 115 (3d Cir. 2013) (denying motion to dismiss claims against non-medical prison officials because the record was not adequately developed to conclusively determine that plaintiff has failed to state a claim upon which relief may be granted); cf. Williams v. Prison Health Sys., 470 F. App'x 59, 61-62 (3d Cir. 2012) (finding that plaintiff's claim was properly dismissed where plaintiff had not asserted reasons why the non-medical prison staff would have known, or had reason to believe, that medical staff had mistreated or failed to treat his condition).

Moreover, Plaintiff's claims are, in part, based on the allegation that if he had been treated sooner, the damage to his eye may have been minimal. See (Compl. 3, ECF No. 1) ("At this time plaintiff's injuries had progressed and reached a point

13

where they were irreversable [sic]."); (Am. Compl. 2, ECF No. 15) ("[I] was told that [the hole in my retina] might not be able to be fixed because it was larger now, but was also told that if I had been seen early on when the trauma first happened when the hole was smaller then it would have been a better chance."); (Am. Compl. 3, ECF No. 15) ("Fairton Administration knew they had ignored and delayed my medical attention[.] . . . I certainly had a macular hole that was too large to now be fixed."). Based on a liberal interpretation of Plaintiff's claims — that the non-medical Defendants ignored Plaintiff's multiple requests for treatment for over 30 days and that the delay in treatment allowed Plaintiff's injuries to progress to a point where they were irreversible — the Court determines that it is prudent to permit the claims against the non-medical Defendants to proceed at this time.

Finally, Plaintiff also asserts that he was denied proper medical care because he was not taken to a scheduled optometrist's appointment.[5] (Compl. 3, ECF No. 1); (Am. Compl. 3,

---

[5] Plaintiff attaches documentation to his Amended Complaint which indicates that prison officials found a piece of paper in Plaintiff's cell which had a doctor's name written on it. (Am. Compl. 20, ECF No. 15).  Prison officials considered this piece of paper a security issue which ultimately resulted in the missed doctor's appointment. (Id.).  However, Plaintiff contends that it was around this time that prison officials recognized the seriousness Plaintiff's injury and the implications of their failure to treat him.  Thus, Plaintiff concludes that the incident involving the piece of paper, and the fact that

ECF No. 15).  Although it is not entirely clear which Defendants Plaintiff alleges are responsible for the missed appointment, when viewing the allegations in the light most favorable to Plaintiff, as the Court must, Evancho, 423 F.3d at 351, it appears that Plaintiff has sufficiently plead a cause of action against the non-medical Defendants for failure to take Plaintiff to a scheduled doctor's appointment.  See Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir. 2013) (finding deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment); see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Accordingly, the Court denies Defendants' second basis for relief.  Each of the aforesaid denials is without prejudice to Defendants raising the same issues in a properly supported motion for summary judgment at the appropriate time.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 27) is DENIED.  Defendants are permitted to raise the

---

information regarding this incident was included in prison medical records, was a way for the Administration at FCI Fairton to "cover for the negligence with [his] eye[.]" (Am. Compl. 3, ECF No. 15).

issues presented in their motion to dismiss in the form of a motion for summary judgment filed at the appropriate time.

An appropriate Order follows.

_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: September 25, 2015
At Camden, New Jersey

16